IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00438-1
Civil Action No. 16-cv-01562-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GARY BARTLEY,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Docket No. 56] filed by defendant Gary Bartley. Mr. Bartley argues that his sentence must be vacated based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutional.

On March 17, 2014, Mr. Bartley pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Docket No. 28. The presentence investigation report calculated his base offense level at 20 based on United States Sentencing Guidelines, §2B3.1(b)(1), but that level was increased given that Mr. Bartley is a career offender. Docket No. 37 at 5. At the sentencing hearing on July 30, 2014, the Court accepted the Probation Department's calculation of the base offense level. The Court sentenced the defendant to the bottom of the applicable guideline range, 151 months imprisonment.

See Docket No. 40. Mr. Bartley argues that the Court relied on the residual clause of U.S.S.G. § 4B1.2(a) to enhance Mr. Bartley's sentence. Docket No. 56 at 4.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which abrogated the Tenth Circuit's opinion in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), and held that the residual clause of U.S.S.G. § 4B1.2(a) was not unconstitutionally vague. As a result, the decision in *Beckles* forecloses Mr. Bartley's argument in his motion. *See United States v. Ramos*, 681 F. App'x 672 (10th Cir. Mar. 7, 2017) (unpublished) ("the Court [in *Beckles*] held that *Johnson's* vagueness holding does not apply to the career-offender provisions of the U.S. Sentencing Guidelines."). Because *Johnson* does not apply to Mr. Bartley's sentence, his motion will be denied.

Wherefore, it is

**ORDERED** that the Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Docket No. 56] is denied.

DATED August 2, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

2