IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00438-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GARY BARTLEY,

      Defendant.

_____

## ORDER
_____

      This matter comes before the Court on defendant Gary Bartley's Emergency Motion for Compassionate Release [Docket No. 67]. The government has filed a response opposing the motion [Docket No. 72]. Mr. Bartley has filed a reply [Docket No. 73].

## I.  BACKGROUND

      On March 17, 2014, Mr. Bartley pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Docket No. 28. On July 30, 2014, defendant was sentenced to 151 months imprisonment followed by three years of supervised release for the bank robbery. Docket No. 39. at 2. Defendant was sentenced to an additional 36 months imprisonment, to run consecutive to his 151 month sentence, due to revocation of supervised release from an earlier conviction. *Id*. at 5. Accounting for good time credit, defendant's projected release date is May 10, 2027. Docket No. 67 at 4. Defendant is currently incarcerated at USP Thomson in Illinois. *Id.* at 1.

On October 19, 2020, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *Id*.  Defendant represents that his medical conditions – including hypertension and obesity – together with his age (62 years old) make him particularly vulnerable to COVID-19.  *Id*. at 6; *see also* Docket No. 68-1 (medical records from Bureau of Prisons).  On this basis, defendant requests that the Court grant him compassionate release and reduce his sentence to time served, followed by a period of supervised release.  Docket No. 67 at 15.

## II.  ANALYSIS

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Defendant submitted a request to his case manager on April 29, 2020, requesting compassionate release under the First Step Act and any other early release laws.  Docket No. 68 at 4.  The warden denied this request on May 15, 2020.  *Id*. at 3.  A defendant may proceed in court either by fully appealing a denial or by waiting thirty days after the warden

2

receives a request.  *See, e.g.*, *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020)

("Prisoners who seek compassionate release have the option to take their claim to

federal court within 30 days, no matter the appeals available to them.").  The

government concedes that 30 days have passed since defendant submitted his request

and do not claim error in the submission being made to the case manager.  Docket No.

72 at 2; *see also United States v. Crosby*, 2020 WL 6291367, at *12 (D. Me. Oct. 27,

2020) (finding that prisoner's email to case manager requesting home confinement

under the CARES Act started the 30-day clock under 18 U.S.C. § 3582(c)(1)(A)).

Accordingly, the Court has jurisdiction to consider the motion.

## A.   Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and

compelling reasons that may warrant a sentence reduction: (A) medical condition of the

defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons.

*See* U.S.S.G. § 1B1.13, cmt. n.1.  Defendant argues that his medical conditions –

specifically, hypertension and obesity – coupled with his age, qualify as extraordinary

and compelling reasons for a sentence reduction in light of the current COVID-19

pandemic.  Docket No. 67 at 10. The Sentencing Commission has explained that a

defendant's medical condition may be an extraordinary and compelling reason

warranting a sentence reduction where

> (ii)  The defendant is (I) suffering from a serious physical or medical
> condition . . . that substantially diminishes the ability of the defendant to
> provide self-care within the environment of a correctional facility and from
> which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A).

Mr. Bartley is 62 years old, and his medical records indicate that he is currently suffering from hypertension.  *See* Docket No. 68-1 at 3 (medical report dated July 31, 2019).  Defendant also claims that he is suffering from obesity; measurements of his height and weight taken from a July 31, 2019 medical exam correspond to a body mass index ("BMI") of 31.1, which the Centers for Disease Control ("CDC") categorizes as obese.  Docket No. 67 at 7.  However, the medical records provided do not list obesity as a condition from which defendant is suffering.  *See* Docket No. 68-1 at 2-4.  The CDC has determined that obesity increases the risk of severe illness from COVID-19 and hypertension might increase the risk.  *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Dec. 17, 2020).  The government concedes that, because of the COVID-19 pandemic, defendant's obesity is a "serious . . . medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *See* Docket No. 72 at 3 (quoting U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I)).  The government contends that, while defendant has met his burden of showing administrative exhaustion and extraordinary and compelling circumstances, the factors in 18 U.S.C. § 3553(a) weigh against his motion.  *Id.*  Accordingly, the Court finds that Mr. Bartley has demonstrated extraordinary and compelling reasons warranting a sentence reduction.

### B.   Section § 3553(a) Factors

Mr. Bartley has shown that extraordinary and compelling reasons exist to reduce his sentence.  The question remaining is what, if any, amount of reduction is appropriate, which the Court must consider in light of the sentencing factors outlined in 18 U.S.C. § 3553(a).  "The Court also considers whether Defendant is a danger to the safety of any other person or to the community." *United States v. Sides,* No. 17-cr-00373-PAB, 2020 WL 4582718, at *4 (D. Colo. Aug. 10, 2020) (quoting *United States v. Tate*, 2020 WL 3791467, at *5 (C.D. Ill. July 7, 2020)).

Mr. Bartley requests that his sentence be reduced to time served and that he be released to begin a term of supervised release, subject to whatever conditions the Court deems appropriate.  Docket No. 67 at 15.

Defendant has been in and out of custody for the majority of his adult life, starting at age 17.  Docket No. 37 at 6.  Between 1975 and 1980, he was convicted of six felonies: burglary of a habitation, forgery, third degree felony theft, burglary by habitation, burglary of a building, and automobile theft. *Id.* at 6-7.  In 1981, he was sentenced to 15 years imprisonment for armed bank robbery, where he told the teller he had a bomb, although no device was displayed. *Id.* at 7-8.  He was paroled on November 1, 1991, and then committed two more bank robberies within a few weeks – one in Texas and one in Colorado. *Id.* at 7-9.  In the Texas robbery, he showed the bank teller the handle of a pistol in his waistband and was sentenced to 25 years imprisonment for aggravated robbery with two enhancements. *Id.* at 8-9.  In the Colorado robbery, defendant also showed the teller a pistol and threatened the teller by

5

saying, "I'll blow your head of if you don't hurry up." *Id.* at 9.  He was sentenced by the

U.S. District Court for the District of Colorado to 20 years and 8 months imprisonment

followed by five years supervised release for armed bank robbery and use and carrying

of a firearm during and in relation to the commission of a crime of violence.  *Id.*  He

appears to have served the Texas and Colorado sentences concurrently in federal

custody, Docket No. 51 at 20-22, and was released to supervision on August 9, 2013.

Docket No. 37 at 8-9.  Defendant was then arrested on October 18, 2013 for bank

robbery, and is currently serving a sentence of 151 months for bank robbery and 36

months for revocation of supervised release, to run consecutively.  Docket No. 39.

Defendant has been in custody since his arrest on October 18, 2013, and his

projected release date is May 10, 2027, assuming good time credit.  Docket No. 67 at

4; Docket No. 72 at 1.

Defendant argues that the Section 3553(a) factors weigh in his favor because (1)

he has a viable release plan with people who care about him and this time "knows he

can't do it alone"; (2) while his robberies involved threats, no violent force was ever

used; (3) his age makes him less likely to recidivate; (4) he has served meaningful time

on his sentence (7 years), which has allowed him to reflect on the seriousness of his

offense, has promoted his respect for the law, has punished him for his crime, and will

ensure he does not recidivate; (5) the Court may impose a term of probation or

supervised release; (6) the Sentencing Guidelines do not weigh strongly against

defendant because in Fiscal Year 2019, approximately half of those sentenced as

career offenders received downward variances or departures; (7) the need to avoid

unwarranted sentence disparities should be given less weight when there are

"extraordinary and compelling circumstances"; and (8) defendant will be in a better position to pay off his restitution by finding gainful employment outside of prison. Docket No. 67 at 11-13. Additionally, defendant argues he is not a danger to the community because of his age, the Court's ability to impose conditions on his release, his strong network of support, and his recognition that a grant of compassionate release would be an act of grace that would give him a last chance to lead a different life. *Id.* at 14.

The government opposes the request, arguing that reducing Mr. Bartley's sentence to time served would not adequately account for the nature and circumstances of the offense and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; and to afford adequate deterrence to criminal conduct. Docket No. 72 at 11-12 (citing 18 U.S.C. § 3553(a)(1)-(2)).

The Court finds that Mr. Bartley has not met his burden of demonstrating that a reduction in sentence is appropriate under Section 3553(a).

At sentencing, the Court found that Mr. Bartley was a "very serious risk to the public." Docket No. 51 at 49. The Court was especially concerned with how quickly Mr. Bartley committed the 2013 bank robbery after being placed on supervised release. *Id.* The Court considered his age, 55 at the time of sentencing, and concluded that while most people ratchet down their criminal behavior with age, that trend did not appear to apply to him. *Id.* The Court sentenced Mr. Bartley to the bottom of the Sentencing Guideline range because it found that his age upon release would likely give him some perspective. *Id.*

The Court cannot overlook the danger that Mr. Bartley poses to the community. Defendant argues that his age makes him considerably less likely to recidivate, as shown by a recidivism rate for ages 60-64 that is substantially lower than for offenders in their twenties and thirties. Docket No. 67 at 11, 14. However, defendant was 55 years old when he was released most recently and committed the underlying crimes after approximately two months. Docket No. 37 at 1, 9. Thus, the Court finds that defendant's age does not diminish his danger to the community.

Similarly, defendant argues that the Court can impose a term of supervised release subject to conditions, which will keep him from being a danger to the community. Docket No. 67 at 14. Section 3582(c)(1)(A) allows the Court to, if it grants a motion for a sentence reduction, "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). However, defendant's history has shown that supervised release has not been a deterrent to him. He was on supervised release when he committed the underlying bank robbery in this case. Docket No. 39 at 5. Within three weeks of defendant's release in 1991, he committed an armed bank robbery while on parole. Docket No. 37 at 7-8. Based on this history, the Court finds that a term of supervised release would not ensure the safety of the community.

Mr. Bartley argues that he now has a strong network to support him upon release, having reconnected with his adopted sister, Helen Nelson, and close friend, Cris Baker. Docket No. 67 at 8. The Court took defendant's relationship with Ms. Nelson into account at his original sentencing and found that her presence did not bear significantly on the issue of a variant sentence. Docket No. 51 at 49-50. Ms. Baker's

presence was not considered at his original sentencing, but the Court finds that having her in defendant's life now will not ameliorate the danger that defendant poses to the community.  Defendant's understanding that a compassionate release will represent an act of grace that gives him a strong incentive to become a law-abiding citizen is insufficient to overcome the other evidence representing his danger to the community.

Additionally, the Court finds that reducing defendant's sentence would not be consistent with the Section 3553(a) factors because he has only served a little over half of his sentence.  The Court is permitted to consider how much of his sentence defendant has served when considering whether compassionate release is appropriate. *See Delacruz v. United States*, 2020 WL 3270503, at *5 (D.N.H. June 17, 2020) (finding sentence reduction inconsistent with Section 3553(a) factors when defendant had only served half of his sentence); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"); *cf. Saldana*, 807 F. App'x at 820 (finding no error in district court decision considering, *inter alia*, that defendant had served only half of the total sentence imposed and weighing it against finding extraordinary and compelling reasons).

The Court finds that releasing defendant now would not "reflect the seriousness of the offense" or "provide just punishment."  *See* 18 U.S.C. § 3553(a)(2)(A).  Given that defendant has almost seven years of his sentence remaining, and the Court sentenced him to the lower range of the sentencing guidelines, Docket No. 40 at 2, 8, a reduction in sentence is not warranted under Section 3553(a).  *See United States v. Chambliss*,

9

948 F.3d 691, 694 (5th Cir. 2020) (affirming district court denial of compassionate release that relied heavily on fact that defendant had only served 14 of 30 years).

The COVID-19 outbreak at USP Thomson is concerning, with 53 active inmate cases and 426 recovered inmates.  Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Dec. 17, 2020).  But the number of COVID-19 cases at USP Thomson cannot itself warrant relief where the inmate has otherwise failed to demonstrate that he is entitled to compassionate release.  *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1075 (D. Colo. 2020).

III.   **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Mr. Bartley's Emergency Motion for Compassionate Release [Docket No. 67] is **DENIED**.

DATED December 17, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

10